ANDY BOOKER V. STATE

No. 33,062. March 8, 1961

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

McDONALD, Judge

Aggravated assault upon an officer in the lawful discharge of his duties is the offense, with punishment assessed at eighteen months in jail.

The state's testimony reflects the following:

Jimmy D. Trickett and two other police officers of the city of Abilene went to appellant's home about 3:15 o'clock, a. m. They were met by appellant's wife, coming around the house with a small child. The wife was sobbing and talking excitedly, saying that her husband was in the house. The witness Trickett testified that she gave the officer permission to go inside, where they found appellant lying on a bed. When they turned a flashlight on him, appellant jumped up and started cursing loudly, using very vile language, and grabbed a .22 rifle. Officer Trickett further testified that appellant's wife jumped between him and the officers; that appellant cursed her and asked why she called the police; that after appellant struck her Officer Dillard took the gun from him; and that after he struck his wife again they "started after him * * * . He was swinging at everyone." Trickett also testified that he and Officer Sterling, both wearing a badge and a gun, were attempting to arrest the appellant for the assault made upon his wife in their presence.

The state's further testimony reflects that appellant kicked Officer Trickett across the room, knocking him down; that the officer became violently ill and vomited, not knowing what happened from then on except that the other two officers took him to a hospital, where he spent the rest of the night and the next day.

On cross-examination, Officer Trickett testified that police headquarters had received a call that appellant was "after his wife with a gun."

The defensive testimony of appellant's father was that appellant and his wife and some friends were present at a birthday party for his (the father's) wife; that appellant and his wife lived nearby; that night he noticed no trouble between appellant and his wife; and that the party broke up about 1:30 or 2 o'clock. clock.

Appellant's wife testified that she and her husband left the party for home; that they had no trouble; that she was talking to a woman next door when police cars drove up and the officers went in the house and shined a flashlight in appellant's face. It

was her testimony that her husband (appellant) told the officers that no one had called them; that she did not give them permission to go in the house; and that appellant had not touched her, nor did he pick up a rifle. She stated that someone hit appellant in the head with a pistol; that she later saw an officer bent over, outside the house, after the fight that ensued.

Appellant's testimony was to the effect that he and his wife had gone to the party, had danced and drunk and talked; that upon their return home he was lying on the bed and had dozed off when the police came in and shined a light in his face; that at the time he did not know they were officers; that he told them to get the light out of his eyes. He stated that he then saw that they were officers when his wife turned on a light; that Officer Dillard "ran into" him as he started getting up from the bed and they then fell across it together; that he did not remember seeing what happened "because they was all of top of [him]"; that someone hit him in the head with a pistol. He further testified that none of the officers told him he was under arrest.

It is our conclusion that the facts are sufficient to sustain the jury's verdict.

The record contains no formal bills of exception, and the appellant has not favored us with a brief. The informal bills of exception appearing have been examined, and we find no reversible error.

The judgment is affirmed.